UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WINSTON GEORGE DAVIS, JR.,
Plaintiff,
v.
ELAINE DAVIS, PENELOPE DAVIS, CHELSEA PYSH, and JANE DOE (the live-in aide),
Defendants.

Civil No. 3:26-cv-01367-VAB
AMENDED COMPLAINT
JURY TRIAL DEMANDED

I. PRELIMINARY STATEMENT

1. This is an action for damages arising from a coordinated campaign by Defendants to evict Plaintiff from his home. Plaintiff brings this Amended Complaint to cure the pleading deficiencies identified in Magistrate Judge Garcia's Recommended Ruling (Doc. 18).

2. This Amended Complaint sets forth specific dates, documents, and actions demonstrating how Defendant Penelope Davis, utilizing her position as a Human Resources official for the University of Connecticut (UConn), coordinated with a Department of Social Services (DSS) social worker and a live-in aide to remove Plaintiff from his residence in retaliation for his protected activity.

II. PARTIES

3. Plaintiff Winston George Davis, Jr. is a 45-year-old individual with a documented cardiac disability. He resided at 19 Salisbury Street, Hartford, CT until his removal on September 18, 2026. He is currently homeless and residing in a medical respite facility.

4. Defendant Elaine Davis is Plaintiff's mother and the nominal owner of 19 Salisbury Street. She suffered a severe stroke in 2016 and cannot communicate verbally or in writing.

5. Defendant Penelope Davis is Plaintiff's sister and Elaine Davis's agent under a Power of Attorney. She is employed in Human Resources for UConn and formerly worked for DSS.

6. Defendant Chelsea Pysh is a social worker employed by the DSS, identified in DSS records as Case Number 00259615.

7. Defendant Jane Doe is the live-in home health aide employed by Defendant Penelope Davis, assigned to care for Elaine Davis at 19 Salisbury Street. Her true legal name is unknown to Plaintiff.

III. JURISDICTION AND VENUE

8. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 3617 (Fair Housing Act), 42 U.S.C. § 12203 (ADA), and 42 U.S.C. § 1983. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.
9. Venue is proper under 28 U.S.C. § 1391(b) because all Defendants reside in this District and the events giving rise to the claims occurred in Hartford, Connecticut.
10. The Rooker-Feldman Doctrine Does Not Apply: Plaintiff does not seek to overturn, appeal, or invalidate any state court judgment, eviction order, or restraining order. Rather, Plaintiff seeks monetary damages for the Defendants' fraudulent and retaliatory use of state processes to deprive him of his federal rights.

IV. FACTUAL ALLEGATIONS

A. The 2022 Threat Assessment Email and 2025 Record Destruction
11. On April 8, 2022, Gary White, a Union Representative, sent an email to Plaintiff stating that Lorna Reid (SOTS HR Director) was going to initiate a Threat Assessment against Plaintiff and advise him to stay away, "as she did the others." (See Ex. A, Gary White Email).
12. On May 2, 2025, Plaintiff submitted a formal FOIA request to SOTS seeking all records related to threat assessments, workplace safety reviews, and surveillance involving him. (See Ex. B, SOTS FOIA Request).
13. On June 12, 2025, Dennis Barrow, the SOTS Librarian and Archivist, sent an email confirming he arranged with InfoShred, Inc. to pick up and destroy 16 record center boxes. (See Ex. C, Barrow Email).
14. On June 17, 2025, InfoShred destroyed the 16 boxes. This occurred six weeks after Plaintiff filed his FOIA request for threat assessment records.
B. The July 2025 Training and August 2025 Complaint
15. On July 29, 2025, Plaintiff attended a mandatory Active Shooter/Workplace Violence training at SOTS. State Police officers presented on the Threat Assessment Team (TAT) program. When Plaintiff asked about the rights of individuals placed on the TAT list, the officers stated retention was "Forever," individuals had "None" rights, and it was immune from FOIA as "law enforcement intel."
16. The TAT contact card distributed at that training lists representatives from SOTS HR, State Police, DAS, the Governor's Office, and UConn Health EAP. (See Ex. D, TAT Card).
17. On August 7, 2025, Plaintiff emailed a complaint regarding the TAT program to 13 recipients, including the Attorney General and the DOJ Civil Rights Division, attaching the TAT card. (See Ex. E, August 7 Email).
18. On August 28, 2025, Plaintiff was pulled into a meeting with SOTS HR officials and union representatives regarding his questions about the TAT.
C. The 2026 FOIA Requests and ADA Accommodation

19. On April 13, 2026, Plaintiff submitted a FOIA request to UConn seeking records of interagency communications between UConn, DSS, and SOTS regarding Plaintiff. (See Ex. F, UConn FOIA Acknowledgement).

20. On April 13, 2026, the same day, Plaintiff submitted a separate FOIA request to the Department of Social Services (DSS). (See Ex. G, DSS FOIA Request). This request sought records regarding home care services at 19 Salisbury Street, the Power of Attorney held by Penny Davis over Elaine Davis, potential financial exploitation of Elaine Davis, and all interagency communications between DSS and other state agencies (including UConn and SOTS) regarding Plaintiff.

21. On August 3, 2026, UConn produced responsive records to Plaintiff via email. (See Ex. H, UConn Production Email).

22. On September 4, 2026, Plaintiff submitted a Request for Accommodation under the Americans with Disabilities Act (ADA) to the Connecticut Judicial Branch due to his cardiac disability.

D. The DSS Visits, the Affidavit, and the Eviction

23. On August 17, 2026, and again on September 4, 2026, Defendant Chelsea Pysh (a DSS social worker) arrived at Plaintiff's residence unannounced.

24. During these visits, Defendant Pysh questioned Plaintiff about his pending federal lawsuits (Davis v. Spencer et al., 3:25-cv-01391-VAB) and his FOIA requests, rather than conducting a standard wellness check.

25. During this same period, Defendant Jane Doe (the live-in aide) intercepted Plaintiff's mail and monitored his movements, which she reported to Defendant Penny Davis.

26. On August 26, 2026, Defendant Penny Davis signed a sworn affidavit in Connecticut Superior Court on behalf of Elaine Davis seeking a Restraining Order against Plaintiff.

27. In that affidavit, Penny Davis stated that Plaintiff was "harassing" her by requesting records on "August 3, 2026." Plaintiff filed the UConn FOIA request on April 13, 2026. August 3, 2026 was merely the date UConn produced the records to Plaintiff (Ex. H).

28. In the same affidavit, Penny Davis stated: "The social worker [Defendant Pysh] recommended that I seek a relief from abuse for immediate safety and agreed that at my suggestion to begin eviction proceeds." (See Ex. I, Penny Davis Affidavit).

29. On September 10, 2026, an eviction action was filed against Plaintiff in Hartford Housing Court. Plaintiff did not have a lease or a landlord-tenant relationship with Elaine Davis.

30. On September 15, 2026, a Restraining Order was entered against Plaintiff. The Return of Service for the continued hearing was blank, and Plaintiff did not receive notice of the hearing date.

31. On September 18, 2026, Plaintiff was removed from his home by police. That night, Plaintiff suffered a myocardial infarction and was hospitalized for six days.

V. CAUSES OF ACTION

COUNT I: RETALIATION UNDER THE FAIR HOUSING ACT (42 U.S.C. § 3617)

(Against All Defendants)

32. Plaintiff incorporates all prior allegations.

33. Plaintiff engaged in protected activity under the FHA by submitting FOIA requests regarding his housing situation and submitting an ADA accommodation request on September 4, 2026.

34. Defendants were aware of this activity, as evidenced by Penny Davis's affidavit referencing the FOIA records.

35. Defendants took adverse action by filing an eviction and restraining order to remove Plaintiff from his home.

COUNT II: RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12203)

(Against Defendants Penelope Davis and Chelsea Pysh)

36. Plaintiff incorporates all prior allegations.

37. Plaintiff requested an ADA accommodation in state court on September 4, 2026.

38. Defendants took adverse action by coordinating DSS visits and an eviction to remove Plaintiff from his home.

39. State Action: Defendant Pysh acted under color of law as a DSS employee. Defendant Penny Davis acted as a willful participant in joint activity with the State, leveraging her UConn HR position and her contacts with DSS to execute the eviction.

COUNT III: FIRST AMENDMENT RETALIATION AND § 1983 CONSPIRACY

(Against Defendants Penelope Davis and Chelsea Pysh)

40. Plaintiff incorporates all prior allegations.

41. The First Amendment protects the right to petition the government, which includes both filing federal lawsuits and submitting FOIA requests.

42. Plaintiff engaged in this protected activity by filing the federal civil rights action Davis v. Spencer et al. (3:25-cv-01391-VAB) and by submitting multiple FOIA requests to state agencies.

43. Defendant Pysh explicitly questioned Plaintiff about both his pending federal lawsuits and his FOIA requests during her unannounced visits on August 17 and September 4, 2026.

44. Defendants, acting under color of state law, retaliated against Plaintiff for exercising these rights by conducting state administrative visits and initiating legal proceedings to remove him from his home. Defendant Penny Davis acted in concert with state actor Chelsea Pysh.

45. § 1983 Conspiracy: To the extent Penny Davis argues she was acting as a private citizen, Plaintiff alleges a conspiracy under § 1983. A § 1983 conspiracy occurs when a private individual (Penny Davis) and a state actor (Chelsea Pysh) agree to act in concert to inflict an unconstitutional injury.

46. The Agreement: Penny Davis and Chelsea Pysh reached an agreement to remove Plaintiff from his home. As evidence of this agreement, Penny Davis explicitly stated in her sworn affidavit (Ex. I) that Pysh "recommended that I seek a relief from abuse for immediate safety and agreed that at my suggestion to begin eviction proceeds."

47. Overt Acts: In furtherance of this conspiracy, Pysh conducted unannounced DSS visits on

August 17 and September 4 to interrogate Plaintiff about his federal lawsuits and FOIA requests, and Penny Davis signed the false affidavit on August 26, resulting in the eviction.

COUNT IV: CIVIL RIGHTS CONSPIRACY (42 U.S.C. § 1985(3))

(Against All Defendants)

48. Plaintiff incorporates all prior allegations.

49. Defendants engaged in a conspiracy to deprive Plaintiff of his civil rights.

50. Class-Based Animus: In the alternative to Count III, Plaintiff alleges that the conspiracy was motivated by invidious discriminatory animus against Plaintiff based on his documented disability, which substantially limited his ability to live independently.

51. Overt Acts in Furtherance of the Conspiracy:

- April 8, 2022: A Union Representative informs Plaintiff that SOTS HR is initiating a Threat Assessment against him "as she did the others."
- May 2, 2025: Plaintiff submits FOIA request to SOTS for TAT records.
- June 17, 2025: SOTS destroys 16 boxes of records.
- July 29, 2025: SOTS holds mandatory TAT training, stating individuals on the list have "no rights."
- April 13, 2026: Plaintiff submits simultaneous FOIA requests to UConn and DSS for interagency communications, POA records, and home care records.
- August 3, 2026: UConn produces the records.
- August 17 & September 4, 2026: DSS social worker (Pysh) conducts unannounced visits to interrogate Plaintiff about his pending federal lawsuits and his FOIA requests.
- August 26, 2026: Penny Davis signs an affidavit misdating the FOIA request to August 3rd, resulting in a Restraining Order and Eviction.

52. Defendant Penny Davis, a UConn HR official, had access to the UConn Health EAP and SOTS HR officials listed on the TAT card. On April 13, 2026, Plaintiff sent simultaneous FOIA requests to both UConn and DSS. Four months later, Defendant Pysh (DSS) and Defendant Penny Davis coordinated to initiate the eviction.

COUNT V: ABUSE OF PROCESS (Connecticut Common Law)

(Against Defendants Elaine Davis, Penelope Davis, and Jane Doe)

53. Plaintiff incorporates all prior allegations.

54. Under Connecticut law, Abuse of Process requires: (1) an improper use of the process; (2) an ulterior motive; and (3) damage.

55. Defendant Elaine Davis is named in her capacity as the nominal legal owner of the property. She suffered a severe stroke and cannot communicate. She acted entirely through her agent, Defendant Penelope Davis, who held her Power of Attorney.

56. Defendant Penelope Davis and Defendant Jane Doe utilized the Application for Relief from Abuse and the Summary Process Eviction Action to remove Plaintiff from his home.

57. The process was used improperly: the restraining order was obtained using an affidavit that

misdated the FOIA request to August 3, 2026, and Plaintiff did not receive notice of the continued hearing date, resulting in his removal and subsequent heart attack.

INDEX OF EXHIBITS

- Exhibit A: Email from Gary White (Union Representative) dated April 8, 2022.
- Exhibit B: Plaintiff's FOIA Request to SOTS dated May 2, 2025.
- Exhibit C: Email from Dennis Barrow (SOTS Archivist) dated June 12, 2025, regarding InfoShred record destruction.
- Exhibit D: SOTS Threat Assessment Team (TAT) Contact Card distributed July 29, 2025.
- Exhibit E: Plaintiff's August 7, 2025, email complaint to 13 state and federal agencies regarding the TAT.
- Exhibit F: UConn FOIA Acknowledgement of Receipt dated April 13, 2026.
- Exhibit G: Plaintiff's FOIA Request to DSS dated April 13, 2026.
- Exhibit H: UConn Production Email dated August 3, 2026 (Megan Philippi).
- Exhibit I: Sworn Affidavit of Penelope Davis dated August 26, 2026.

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Assume jurisdiction over this matter;
B. Award compensatory damages for severe emotional distress, physical harm (heart attack), and loss of housing;
C. Award punitive damages to deter future unlawful conduct;
D. Award reasonable attorney's fees and costs; and
E. Grant such other and further relief as the Court deems just and proper.

JURY TRIAL DEMANDED

Respectfully submitted,

/s/ Winston George Davis, Jr.

Winston George Davis, Jr.
Plaintiff, Pro Se
19 Salisbury Street
Hartford, CT 06112
(860) 770-4949
davis1981blue@yahoo.com